IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**HEATHER M. ROWE,**

       Plaintiff,

       v.

**CAROLYN W. COLVIN,**
Acting Commissioner of the Social Security
Administration,

       Defendant.

**Civ. No. 6:15-cv-00027-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge**:

Plaintiff Heather Rowe brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

The issues before this Court are: (1) whether the Administrative Law Judge (ALJ) erred in evaluating Plaintiff's credibility; and (2) whether the ALJ erred in evaluating lay witnesses' credibility. Because the ALJ properly considered the relevant testimony, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff previously applied for DIB and SSI on June 5, 2008, alleging disability since January 1, 2004. Those applications resulted in a closed period of disability between January 6,

1 – OPINION AND ORDER

2009, and August 30, 2010, with stipulation of medical improvement rendering plaintiff not disabled on August 30, 2010. On November 21, 2011, plaintiff protectively filed applications for DIB and SSI, again alleging disability since January 1, 2004. These claims were denied initially and upon reconsideration. Plaintiff timely requested a hearing before an ALJ, and appeared before the Honorable John Michaelsen on September 11, 2013. ALJ Michaelsen denied plaintiff's claims by written decision dated September 20, 2013. Plaintiff sought review from the Appeals Council, which was subsequently denied, thus rendering the ALJ's decision final. Plaintiff now seeks judicial review.

Plaintiff was born on May 16, 1973. Tr. 21. Plaintiff was 30 years old as of her alleged onset date of disability, and was 40 years old as of her administrative hearing date. Tr. 21, 33. Plaintiff has a GED and earned her Certified Nursing Assistant (CNA) Certification in 1992. Tr. 21, 47. Plaintiff's last relevant work was as a CNA, which ended in 2003. Tr. 35. Plaintiff alleges disability due to: bipolar disorder; personality disorder; post-traumatic stress disorder; lack of focus; anxiety; and poor memory. Tr. 222, 241.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

## DISCUSSION

2 – OPINION AND ORDER

The Social Security Administration utilizes a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If a claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

Plaintiff contends that: (1) the ALJ erred in evaluating plaintiff's credibility; and (2) the ALJ erred in evaluating the lay witnesses' credibility.

## I. Plaintiff's Credibility

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529, 416.929. "In deciding whether to accept [this testimony], an ALJ must perform two stages of analysis: the Cotton analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). If a claimant meets the Cotton analysis[1] and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). This Court "may not engage in second-guessing," *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citations omitted), and "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citations omitted).

---

[1] "The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282 (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407–08 (9th Cir. 1986)).

The ALJ determined that plaintiff's statements concerning the intensity, persistence, and limiting effects of her impairment were not credible. Tr. 17. In making this determination, the ALJ relied on three reasons: (1) inconsistencies within plaintiff's own statements; (2) plaintiff's prior stipulation of non-disability; and (3) inconsistencies between the objective medical evidence and plaintiff's allegations. *See* tr. 17–19. These reasons are legally sufficient and supported by substantial evidence.

First, the ALJ found that there were inconsistencies between plaintiff's disability allegations and her various statements made to the Social Security Administration. Plaintiff alleged an inability to work because of problems with communication, concentration, task completion, comprehension, and interacting with others. *See* tr. 17, 209, 213, 215, 241, 246. Plaintiff also alleged that she was unable to complete household chores and prepare herself meals. *See* tr. 17, 38, 41, 242–44. These allegations are inconsistent with statements made to the Social Security Administration. For example, plaintiff reported that she uses public transportation, shops at Walmart, spends time with her family, goes out to breakfast, lives with others, reads, watches television, prepares herself meals, and complete household chores. Tr. 33, 38–40, 242, 244, 245. Also, when interviewed by an official from the Social Security Administration, plaintiff was described as "direct and to the point"; she answered "all of [the interviewer's] questions without hesitation"; and she did not exhibit issues with understanding, concentration, or speech. Tr. 219.

Plaintiff's allegations are also inconsistent with statements that she made to medical providers. For example, plaintiff alleged that her medications did not improve her mental state and resulted in adverse side effects. Tr. 44, 245. Nonetheless, plaintiff repeatedly reported improvement to her treatment providers. *See* tr. 305, 370, 374, 540, 551, 556, 562. Plaintiff also

4 – OPINION AND ORDER

alleged that she was unable to interact with others, but reported to medical providers that she had good relationships with people and enjoyed spending time with others. Tr. 305, 362, 371, 372, 467.

Second, the ALJ noted that plaintiff previously stipulated to the termination of her disability benefits in August 2010 because of medical improvement. Tr. 11. Yet, at her hearing, plaintiff testified that she did not understand her previous stipulation and that she remained disabled. Tr. 34–35. The ALJ determined that plaintiff's subsequent hearing statements were not credible because: she had previously stipulated to medical improvement upon advice of counsel; her treatment providers did not document cognitive impairments; and she continued to report medical improvement following stipulation. *See* tr. 18, 463, 466, 540–68, 576–604. This reasoning is supported by substantial evidence. *See id.*

Third, the objective medical evidence is inconsistent with plaintiff's allegations relating to communication, concentration, and task completion. For example, as noted by the ALJ, plaintiff's treatment notes repeatedly reflected clear speech, appropriate orientation, appropriate thought content, and intact memory. *See, e.g.*, tr. 306, 310–13, 315, 317–21, 373, 376, 465, 546–47, 552, 557, 558, 580. These treatment notes are consistent with a psychodiagnostic assessment performed in 2012, in which plaintiff appropriately understood, remembered, and followed instructions. *See* tr. 465, 467. Thus, the ALJ properly relied upon the objective medical evidence.

In sum, the ALJ properly considered plaintiff's inconsistent statements, her prior stipulation, and the objective medical evidence in evaluating her credibility.

## II. Lay Witnesses' Credibility

Plaintiff contends that the ALJ erred in his consideration of Heidi Tafjord's, Stormy Rowe's, and Aaron Rowe's credibility. *See* Pl.'s Br. 14–19, ECF No. 12. In response, Defendant

argues that the ALJ reasonably evaluated each respective witness's credibility. *See* Def.'s Br. 9–12, ECF No. 14.

Ms. Tafjord, who is a Psychiatric-Mental Health Nurse Practitioner (PMHNP), is an "other source" pursuant to 20 C.F.R. §§ 404.1513(d), 416.913. *See Brown v. Colvin*, Civ. No. 3:13-cv-02248-MC, 2015 WL 1059068, at *4 (D. Or. Mar. 10, 2015) (citation omitted). Stormy Rowe, who is plaintiff's father, and Aaron Rowe, who is plaintiff's son, are also "other sources." *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). An opinion offered by an "other source" requires consideration. *See* SSR 06–03P, 2006 WL 2329939, *4–5 (Aug. 9, 2006). To reject such an "other source" opinion, an ALJ must give reasons germane to that source for doing so. *See Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012).

As to Ms. Tafjord's opinion, the ALJ assigned it "some weight." Tr. 20. The ALJ explained:

> To the extent that [Ms. Tafjord's] opinion is inconsistent with the [RFC], the undersigned gave it less weight because she did not provide any explanations and merely checked off boxes. . . .[I]t is unclear what the provider based her opinion on and what explains the difference between her opinion regarding maintaining concentration and the claimant's activities of daily living that demonstrate her ability to do so as found in the treatment notes.

*Id.* (citations omitted). These reasons are germane.

Ms. Tafjord's treatment notes routinely described plaintiff as having intact concentration with logical thought processes. Tr. 552, 558, 580, 584, 589, 593, 596, 600. Ms. Tafjord's treatment notes also indicated that plaintiff appropriately rescheduled appointments if necessary. *See* Tr. 561. These treatment notes are inconsistent with a check-box mental RFC form submitted by Ms. Tafjord in 2012. In that form, for example, Ms. Tafjord opined that that plaintiff had "moderately severe" limitations in her ability to: maintain attention and concentration for

6 – OPINION AND ORDER

extended periods; perform activities within a schedule; and maintain regular attendance and appropriate punctuality. Tr. 573. Nonetheless, Ms. Tafjord failed to explain the basis for her opined restrictions. Because Ms. Tafjord's treatment notes differ significantly from the unexplained check-box answers, the ALJ properly evaluated Ms. Tafjord's credibility.

As to plaintiff's father's and son's opinions, the ALJ found both not credible. *See* tr. 17, 20. The ALJ explained:

> For the same reasons that the undersigned finds the claimant less credible, the undersigned also finds these statements less credible as they rely heavily on the claimant's report of her symptoms. Additionally, their opinions that the claimant cannot function at a job are inconsistent with the testimony of the vocational expert who has a greater degree of knowledge about the demands of work.

Tr. 20. These reasons are germane.

Both lay witnesses reported that plaintiff had difficulties with communication, concentration, and understanding, and as a result, would be unemployable. *See* tr. 270–71. In contrast, as discussed above, plaintiff's treatment notes repeatedly reflected clear speech, appropriate thought content, and understanding. *See, e.g.,* tr. 306. Moreover, as noted by the ALJ, the VE testified that there were jobs available in the national economy that plaintiff could perform based upon her RFC. *See* tr. 47–49. Thus, the ALJ properly evaluated Stormy Rowe's and Aaron Rowe's credibility.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.


IT IS SO ORDERED.


7 – OPINION AND ORDER

Dated this __4__ day of November, 2015.


_____

**Michael J. McShane**
**United States District Judge**